DIETTERICH v BARTUNEK

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10491. Decided Feb. 10, 1930

[redacted]

Harry R. Scobie, Cleveland, for Dietterich.
C. V. Hull, Cleveland, for Bartunek.

[redacted]

VICKERY, PJ.

As already stated, we have gone over this record, heard the arguments of counsel and have familiarized ourselves with the briefs and must necessarily come to the conclusion that the court below was wrong and that the judgment of the court must be reversed and that, going further, we must enter up a judgment for the full amount of the plaintiff's claim against the defendant below, defendant in error here.

The basis for our action is that it is admitted that the purchase price of this radio was $650 and that only $200 was paid. It is admitted that the radio was delivered and that the defendant always had and now has the radio and, so far as it appears in this record, is using it and probably it is giving satisfaction. Under the circumstances, we do not see how the court below could have rendered a judgment for the defendant, for it must be remembered that there has been no rescission or attempted rescission of the contract. It is true it is claimed that the seller of this radio stated that foreign stations could be reached over it and it is alleged somewhere in this case that such was not the fact. Whether that be true or not, does not matter very much. I take it that if the seller under the rule of high pressure salesmanship had said that they could get some people on Mars, it would hardly be presumed that a fellow was to believe all the dealer's talk. When a person says that you can reach Mexico or foreign countries with this radio, it is not a representation upon which persons have the right to rely, nor is it actionable if one cannot reach those places. But, if the argument of counsel is of any avail in this case, they did succeed in reaching stations in Mexico. There are so many things that are likely to interfere with the reaching of stations far away, such as the interference of other stations, the condition of the air which results in static; and various other things might militate against the getting of foreign stations, or even stations in our own country and perhaps nearby stations, and so those are hardly representations which would be actionable.

But even admitting that those representations were actionable and admitting that there was a breach of warranty because this radio as it is claimed would not reach foreign stations yet, as already stated, there was no rescission of the contract, and it would amount to nothing more than a breach of warranty; and the only remedy that the defendant would have under the record as it appears in this case would be the counterclaiming for damages for breach of warranty, and that would be a matter of pleading and proof of the damages resulting to the purchaser of the radio by reason of the breach of warranty.

Now there is nothing in the statement of defense that would permit this sort of evidence, nor is there the slightest bit of evidence to show that the owner of the radio was damaged in the slightest degree, nor was any such evidence offered, and it would not necessarily mean that, because he could not get the jazz from the City of Mexico or Rio de Janeiro, he was

particularly damaged because he was relegated to the jazz of nearby stations. In other words, even admitting that the representations were of such a character that if made would be a breach of warranty, and admitting that the radio would not comply with such warranties, there is no evidence in this record upon which a court could in any wise render a judgment for damages on a counterclaim. So, under the circumstances, inasmuch as the defendant had the radio and was using it and the purchase price was admitted to be as stated, and that the balance that was due was the amount that was sued for, it is difficult to understand how the court below could have rendered a judgment for the defendant in the action below. We have no hesitancy in saying that such judgment was wrong and that the court committed error in rendering such judgment and, inasmuch as the amount is admitted and it is based upon a written obligation which is before the court, we feel it our duty to render such a judgment as the court below should have rendered, and that is a judgment for the plaintiff in error who was plaintiff below for the full amount of the check, with interest at six percent from the time of the giving of the check down to the present time.

The entry will be: Judgment reversed and final judgment for the plaintiff in error. Order see journal.

Sullivan and Levine, JJ., concur.